```
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
```

_____
SUNG A CHOI                                          *
                                                     *
                                                     *
                    PLAINTIFF,                       *
                                                     *
         -against-                                   *
                                                     *
Tracy Renaud, Senior Official                        *
Performing the Duties of the Director,               *
U.S. Citizenship and Immigration                     *
Services;                                            *
                                                     *
                                                     *
Alejandro Mayorkas, Acting Secretary,                *
U.S. Department of Homeland Security;                *
                                                     *
Christopher Wray, Director,                          *
Federal Bureau of Investigation;                     *
                                                     *
Monty Wilkinson, Acting Attorney                     *
General, United States of America;                   *
                                                     *
                                                     *
                                                     *
                                                     *
                    DEFENDANTS.                      *
                                                     *
_____               *

**COMPLAINT FOR MANDAMUS AND INJUNCTIVE RELIEF**

This complaint seeks an order commanding the Defendants to adjudicate the Plaintiff's Form I-485, Application to Register Permanent Residence or Adjust Status within a reasonable time after the filing of this complaint. The Defendants have violated this ministerial and non-

1

discretionary duty to adjudicate Plaintiff's application within a reasonable period of time. The Plaintiff seeks the following relief: (1) Mandamus relief under 28 U.S.C. § 1361, which is invoked to compel an officer or employee of the Department of Homeland Security (formerly known as Immigration and Naturalization Service) or other governmental agency to perform a non-discretionary duty owed to a party; and/or (2) Mandatory injunction pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(1), pursuant to which this court may compel agency action unreasonably withheld or delayed, and/or (3) Declaratory relief pursuant to the Declaratory Judgment Act (28 U.S.C. § 2201).

## I.   Introduction

1.   This is a petition for statutory relief pursuant to law including the U.S. Constitution, the Mandamus Act (28 U.S.C. § 1361), Declaratory Judgment Act (28 U.S.C. § 2201), and the Administrative Procedures Act (5 U.S.C. §551 et seq.). This action challenges the unreasonable delay in adjudicating the Plaintiff's Form I-485, Application to Register Permanent Residence or Adjust Status (hereafter, "Form I-485"), which has been pending before the United States Citizenship and

Immigration Services (hereafter, "USCIS"), without interview, **since June 2016.**

## II.  Jurisdiction

2.   This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction if further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

3. Indeed, this Court has subject matter jurisdiction over this petition under 28 U.S.C. § 1331 (federal subject matter jurisdiction), since this is a civil action arising under the Constitution and the laws of the United States, including the Fifth Amendment to the U.S. Constitution, provisions of Title 8 U.S.C. § 1101 (Immigration and Nationality Act, "INA"), and applicable regulations, policies, and procedures arising thereunder. Bracey v. Board of Education, 368 F.3d 108 (2nd Cir., 2003); Cordoba v. McElroy, 78 F. Supp.2d 240 (S.D.N.Y., Kaplan J.). An action is deemed to arise under federal law where "the statute creates or is a necessary element of the

3

cause of action or the plaintiff would prevail if the statute were construed in one way and lose if it is construed another." Id. A federal question is presented here as Plaintiff's cause of action is based wholly on rights created by federal statutes, to wit, the INA and the APA, whether Plaintiff will prevail depends wholly on how relevant provisions of those statutes are interpreted.

4. Specifically, the federal question herein arises under the following federal statutes:

- 5 U.S.C. § 555(b) affirmatively imposes on all federal administrative agencies the duty to take action within a reasonable amount of time.
- 5 U.S.C. § 706(1) authorizes the courts to compel agency action unreasonably withheld by administrative agencies, such as compelling a defendant to employ the proper procedures that were not employed in this case.

### III. Venue

5. Pursuant to 28 U.S.C. § 1391(e)(1) venue, is proper in this judicial district, District of New Jersey, because the Plaintiff resides in the district and no real property is involved in the action.

4

## IV.  Parties

6.    Plaintiff, Sung A Choi resides at: 260 Broad Avenue, Apt B5, Leonia, New Jersey, 07605. Ms. Choi and her son filed adjustment of status applications with the USCIS on the basis of her employment-based petition under the EB-3 category and paid the appropriate filing fee.

7.    Defendant Tracy Renaud is the Senior Official Performing the Duties of the Director of USCIS. Pursuant *inter alia*, to 8 U.S.C. § 1103, she is charged with, among other matters, administering the USCIS by implementing and enforcing the INA. As such, she has the authority to adjudicate Form I-485. She resides for official purposes in the District of Columbia.

8.    Defendant Alejandro Mayorkas, is the Secretary of the U.S. Department of Homeland Security, which encompasses USCIS; as Secretary of the Department of Homeland Security, defendant oversees and manages the USCIS.

9. Defendant Christopher Wray is the Director of the Federal Bureau of Investigation. In this capacity, he is responsible for conducting and overseeing necessary security and background checks with respect to immigration applications.

10.  Defendant Monty Wilkinson is the Acting Attorney General of the United States. Pursuant, *inter alia*, to 8 U.S.C. § 1103, he is charged with controlling determination of all issues of law pertaining to immigration and with representing the United States of America in various legal matters.

**V.   Statement of Facts**

12.  On June 6, 2016, the Plaintiff and her son each filed I-485 Applications to Register Permanent Residence or Adjust Status, with the USCIS (hereinafter "Form I-485" (See copy of I-485 receipt notice from USCIS, **EXHIBIT A**). It was assigned receipt number LIN1690818408.

13. On July 1, 2019, the case was transferred to the National Benefits Center (**EXHIBIT B, Transfer notice).**

14.  To date, no action has been undertaken on the above application. Upon information and belief, no interview has been scheduled. No Request for Evidence has been received since 2017. There is no indication that any of this is forthcoming.

15. Since 2017, the Plaintiff has filed <u>several</u> service requests with the USCIS seeking information about the status of her application. In particular, service requests were filed on <u>August 30, 2017, March 2, 2018, January 29, 2019, and October 28, 2020</u> (See **EXHIBIT C**, Service request receipts).

19. No further update has been received from the USCIS despite the fact that the application has been pending for **four and a half years and despite the fact that the Plaintiff has filed four requests for information to absolutely no avail.**

20. The Plaintiff seeks to compel the USCIS to complete the adjudication of the pending Form I-485.

21. There is no bright line standard for when a delay becomes unreasonable. However, courts around the country have regularly found that two to four year delays have been unreasonable. *Labaneya v. USCIS,* 965 F.Supp.2d. 823 (ED Mich. 2013) (finding 4 year unexplained delay unreasonable); *Abdi v. Chertoff*, 589 F.Supp.2d 120 (D.Mass. 2008 (four year delay warranted summary judgment); *Sharadanat v. USCIS*, 543 F.Supp 2d 1071 (ED Cal. 2008) (2 year wait); *Soneji v. DHS,* 525 F.Supp.2d. 1151 (ND Cal. 2007) (adjustment with 38 months

7

pending); *Alkeylani v. DHS,* 514 F.Supp.2d. 258 (D.Conn.2007 (3 year delay in adjudicating AOS ia actionable).

22. There is no reason for the extended delay in processing of this application, given the fact that all extant Requests for Evidence have been long-addressed.

### VI.   Grounds for Relief

27. Defendant Alejandro Mayorkas, Secretary of the Department of Homeland Security, and Defendant Tracy Renaud, Acting Director of the United States Citizenship & Immigration Services, despite having a duty to act within reasonable time, have each and all failed to process and adjudicate Plaintiff's Form I-485, in a timely manner.

28. Defendant Christopher Wray, despite having a duty to act within reasonable time, has failed to process necessary background checks in a timely manner.

29. Defendants' duty to process and adjudicate Plaintiff's pending Form I-485 "within a reasonable time" is a non-discretionary duty mandated by federal law.

30. 18 U.S.C. §1571(b) provides that "It is the sense of Congress that the processing of an immigration benefit

application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 214(c) of the Immigration and Nationality Act [8 USC §1184(c)] should be processed not later than 30 days after the filing of the petition."

31. Accordingly, the over four year period in which this application has been pending is beyond that which Defendant ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security and Defendant TRACY RENAUD, Acting Director of the United States Citizenship & Immigration Services, reasonably require to adjudicate it.

32. This same four year period in which this application has been pending is beyond that which Defendant CHRISTOPHER WRAY, Director of the Federal Bureau of Investigation, reasonably requires to conduct background checks.

33. The Court has authority under 28 U.S.C. §1361 to compel an officer or employee of the United States to perform a duty owed to the Plaintiff.

34. The Court has authority under 5 U.S.C. §706(1) to compel agency action unlawfully withheld or unreasonably delayed.

35. Plaintiff has exhausted all administrative remedies available and has determined that no other adequate remedy exists.

**Count I.**
**Mandamus Action**
**28 U.S.C. § 1651, 28 USC § 1361, 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

36. Plaintiff incorporates all allegations made hereinabove that are pertinent to this Court.

37. Defendants are charged with the mandatory responsibility of administering and implementing the INA.

38. Defendants bear sole responsibility for the timely adjudication of the Plaintiff's Form I-485.

39. Defendants have failed to discharge their mandated duties.

40. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

41. The Plaintiff has exhausted all possible administrative remedies and there exists no other adequate remedy.

42. Strong humanitarian factors favor granting of Mandamus relief.

**Count II.**
**Administrative Procedures Act**
**5 U.S.C. §§ 555, 701 et seq., 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

43. By failing to render a timely decision on Plaintiff's application, the Defendants have violated the APA, and this constitutes agency action that is arbitrary, capricious and not in accordance with law. The delay in this instant case is not judicially unmanageable as Defendants failed to achieve a concrete goal – to adjudicate an immigration application and violated the APA provision to do so within a reasonable time. 5 U.S.C. § 555(b). This Court has power under 5 U.S.C. § 706(1) to compel agency to perform "action unlawfully withheld or unreasonably delayed."

**Count III.**
**Declaratory Judgment Act**
**28 U.S.C. § 2201, 8 C.F.R. §103.2(b)(18), 8 C.F.R. §103.2(b)(19) and 8 C.F.R. §245.2(a)(5)(i)**

44. The Plaintiff incorporates all allegations made hereinabove that are pertinent to this Court.

45. The Plaintiff contends that Defendants' actions and decisions relating to delays in the adjudication of the Plaintiff's Form I-485, violate the INA and the applicable regulations, are arbitrary, capricious, and seek a declaration to that effect under 28 U.S.C. § 2201.

46. The Defendants have failed to discharge their mandated official duties.

47. As a result, Plaintiff has suffered and continues to suffer irreparable harm and damages entitling him to declaratory, injunctive and other relief.

**Count IV.**
**Equal Access to Justice Act**
**5 U.S.C. § 504 and 28 U.S.C. § 2412**

48. Plaintiff incorporates all allegations made hereinabove that are pertinent to this Court.

49. If he prevails, Plaintiff will seek attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

## Count V.
## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully prays that the honorable Court grant the following relief:

 i.   Assume jurisdiction over this cause;
 ii.  Declare that the Defendants' failure to act is illegal, arbitrary, capricious and abuse of discretion;
 iii. Compel Defendants and those acting under them to perform their duty and adjudicate Plaintiff's Form I-485 expeditiously and within a reasonable time;
 iv.  Grant attorneys fees and costs of court;
 v.   Grant such other and further relief this Court deems just and appropriate.

Respectfully submitted,

/S/ Yi Zhao.

Dated:   New York, NY
         March 3, 2021

**VERIFICATION**

Pursuant to 28 U.S.C. § 2242, the undersigned certifies under the penalty of perjury that he has reviewed the foregoing petition/complaint and that the facts stated therein concerning Petitioner/Plaintiff are true and correct.
_____


s/Yi Zhao, Esq.